IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISAAC RIVERA-JIMENEZ,**

    **Petitioner,**

v.                                          **Civil Action No. 5:15cv112**
                                                  **(Judge Stamp)**

**C. WILLIAMS, Warden, FCI Gilmer,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 24, 2015, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On November 5, 2015, he paid the $5.00 filing fee. The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Northern District of Georgia. This matter is pending before the undersigned for a Report and Recommendation.

### II. FACTS[1]

Petitioner pleaded guilty to and was sentenced for federal crimes in two separate criminal actions in the United States District Court for the Northern District of Georgia. In case number 1:06-cr-1966-CC, Petitioner pleaded guilty to illegal reentry into the United States by an alien. On October 5, 2006, Petitioner was sentenced to forty-six months' imprisonment for that crime. Petitioner did not appeal his conviction or sentence in that case, and his subsequent § 2255 was denied as untimely.

In July 2007, a federal grand jury indicted Petitioner in Criminal Action No. 1:07-CR-236-

---

[1] The facts are taken from Petitioner's memorandum of law and his criminal case available on PACER. 1:07-cr-00236-RWS-RGV, Northern District of Georgia (Atlanta Division).

RWS for one count of conspiring to possess with intent to distribute cocaine, one count of conspiring to launder money, and one count of conducting an unlicenced money transmitting business. On May 26, 2009, Petitioner pleaded guilty to the drug trafficking and money laundering counts. At the time, Petitioner entered this plea, he did not have a plea agreement with the United States. Subsequently, Petitioner and the United States executed a sentencing agreement in which the parties agreed that neither of them would request a sentence outside the Guideline range and that the United States would recommend that Petitioner be sentenced to the lower end of the Guidelines range. The United States also agreed to recommend that Petitioner's sentence began to run from August 1, 2007, the date of his initial appearance, and that the sentence would run concurrently with the 46 month sentence he received in case number 1:06-CR-196-CC. Petitioner agreed, among other things, to waive his right to appeal or collaterally challenge his conviction and sentence, including under 28 U.S.C. 2255, unless the Court departed upwardly from the Guideline range

The Court accepted the United States recommendation that Petitioner be sentenced to the lower end of the Guidelines range—292 months—and that Petitioner's sentence effectively begin on the date of his initial appearance twenty-five months earlier given that he had been in custody during that time. Because the Court could not set the commencement date of a sentence, the Court sentenced Petition to a total of 267 months imprisonment, thereby effectively crediting Petitioner for his confinement since August 1, 2007. Petitioner did not appeal his convictions or sentence.

Petitioner, however, did file a motion to vacate sentence under 28 U.S.C. § 2255 in which he alleged ineffective assistance of counsel in case number 1:06-CR-196-CC case, which included the conduct to which Petitioner pleaded guilty in 1:07-CR-236-RWS, and therefore, caused him to enter a guilty plea in the latter case that was neither knowing nor voluntary. Petitioner further

2

contended that, but for counsel's ineffectiveness, he would have received a single sentence, rather than one sentence of 46 months for illegal reentry and another sentence of 267 months for drug trafficking and money laundering—that would have been 46 fewer months than he actually received. In addition, Petitioner alleged that he did not knowingly and voluntarily execute a sentencing agreement, and therefore, the appeal waiver was invalid. Petitioner also contended that he was under physician's care and was taking a muscle relaxant drug at the time of his plea hearing in May 2009, and at his sentencing hearing in September 2009, and that his counsel[2] were aware of those facts. He alleged that the muscle relaxant, about which he informed the court at the plea hearing but not the sentencing hearing, affected his ability to think clearly and to conduct his affairs. Finally, Petitioner alleged that he did not read, write, or speak fluent English and that no one interpreted the sentencing agreement for him or gave him a copy of it in Spanish. On March 28, 2011, the Court found that he was not entitled to relief under § 2255. The Court denied Petitioner a certificate of appealability.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may

---

[2] Petitioner was represented by Jay Strongwater at the plea hearing on May 26, 2009. By letter dated May 31, 2009, Petitioner requested that Strongwater be replaced by new appointed counsel. The Court granted his request in July 2009, and appointed Michael Trost to represent him in subsequent proceedings.

3

apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams, 372 F.3d at 135; see In re Jones, 226 F.3d at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams, 372 F.3d at 135.

In his petition, Petitioner attacks the validity of his conviction and sentence in the 2007 criminal action[3] rather than the means of execution and seeks an order vacating his sentence and

---

[3]Nowhere does it appear that Petitioner is challenging his conviction and sentence for illegal reentry which was the sole charge in his 2006 criminal case.

remanding the case for resentencing.[4] Specifically, Petitioner alleges that the indictment in his 2007 criminal case violated his Fifth Amendment rights. . By way of explanation, Petitioner contends that the indictment did not allege any quantified amount of cocaine, but instead, referenced 21 U.S.C. § 841(b)(1)(A)(ii), which is based on a specific minimum drug quantity and imposes a minimum prison term. In his memorandum, Petitioner also argues that the United States was aware of all the charges (reentry, the drug charges and the money laundering) and all of these crimes should have been included in a single indictment in 2006 and not in two separate indictments three years apart. Petitioner also alleges that the indictment in the 2007 case is defective because of its lack of clear and concise elements that should have been presented to the grand jury. Finally, it appears that Petitioner is alleging that he was denied his Sixth Amendment right to have a jury determine the elements of the criminal offense beyond a reasonable doubt.

Accordingly, Petitioner has presented the type of challenges that ordinarily must be brought under § 2255 and not § 2241. However, a federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 115 F.3d at 1194. Moreover, in Jones, the Fourth Circuit held that:

---

[4]In his memorandum of law, Petitioner requests that "this court vacate his indictment, thereby vacating this conviction and sentence altogether in the above mentioned case." ECF No. 1-1 at 11.

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Although Petitioner has raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, the crimes for which Petitioner was convicted all remain criminal offenses. Therefore, because Petitioner clearly attacks the validity of his conviction, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Furthermore, to the extent that Petition is challenging his sentence only, the same is also not appropriate in the context of the savings clause as set forth in Jones. In reaching this conclusion, the undersigned has relied on the recent Fourth Circuit decision in United States v. Surratt, 797 F.3d 240 (4th Cir. 2015) (en banc granted).

In 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Government then filed a timely information indicating that it would seek enhanced penalties based on Surratt's criminal history. Specifically, the Government's information identified four previous drug-related convictions, each in North Carolina. After his indictment, and despite the prospect of a life sentence, Surratt pleaded guilty to the conspiracy count. At the time,

6

all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court sentenced Surratt to life imprisonment. Following Surratt's appeal and § 2255 motion, the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled Harp and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense" under Simmons. Surratt's request to file a second or successive § 2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. § 2255(h). Surratt also moved in the district court to vacate his sentence under §§ 2241 and 2255, or for writ of coram nobis. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. More specifically, Surratt argued that he should not be subject to a mandatory life sentence. The Government did not oppose Surratt's § 2241 request. However, despite the parties' agreement, the district court denied Surratt's motion. Surrat v. United States, No. 3:12cv513, 2014 WL 2013328 (W.D. N.C. May 16, 2014).

On appeal, the Fourth Circuit affirmed the district court and emphasized that "Jones opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." Id. at *4.  As the Fourth Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in Jones deviates from that settled approach." Id. at *6 (internal citations omitted).

The decision in Surratt is consistent with the Fourth Circuit's historical precedence that Jones "does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D. W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F.App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[5]

## IV. **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**. In addition, the undersigned recommends that Petitioner's Motion to Appoint Counsel [ECF No. 4} be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1);

---

[5]In addition, it would appear that the Fourth Circuit has now addressed the issue it left open in Whiteside v. United States, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit.)

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 15, 2015

                                                        */s Michael John Aloi*
                                                        MICHAEL JOHN ALOI
                                                        UNITED STATES MAGISTRATE JUDGE