IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ISAAC RIVERA-JIMENEZ,

    Petitioner,

v.                                         Civil Action No. 5:15CV112
                                                        (STAMP)

C. WILLIAMS, Warden,
FCI Gilmer,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DISMISSING THE PETITION,
OVERRULING THE PETITIONER'S OBJECTIONS
AND DENYING AS MOOT THE PETITIONER'S
MOTION FOR APPOINTED COUNSEL**

The petitioner filed this pro se[1] petition under 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge Michael J. Aloi under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report recommending dismissal of the petition. The petitioner timely filed objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, dismisses the petition, overrules the petitioner's objections, and denies as moot the petitioner's motion for appointed counsel.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

## I. Background

In 2006, the petitioner was convicted of illegal reentry into the United States as an alien. He was sentenced to 46 months imprisonment. Then, in 2007, the petitioner was convicted of possession with intent to distribute cocaine in excess of five kilograms, and for conspiracy to launder money. He was sentenced to 267 months imprisonment.

The petitioner then filed a motion challenging the validity of his convictions and sentences under 28 U.S.C. § 2255. He alleged ineffective assistance of counsel regarding his 2006 conviction, arguing that his lack of adequate representation caused him to plead guilty to the 2007 charges of drug trafficking and money laundering. The petitioner argued that, but for his counsel's ineffectiveness, he would have been charged with all of his 2006 and 2007 offenses in a single indictment, and would have received sentences for those convictions that ran concurrently, resulting in 46 fewer months in his overall sentence. Additionally, the petitioner argued that the sentencing agreement he entered into for his 2007 convictions was invalid because he was under the influence of a muscle relaxant during the plea and sentencing hearings, and because he never received a copy of the sentencing agreement translated into Spanish. The court denied the petitioner's § 2255 motion and denied a certificate of appealability.

The petitioner then filed this petition under § 2241 seeking vacatur of his 2007 convictions. He argues that his drug trafficking conviction violated his Fifth Amendment rights because the indictment only referenced 21 U.S.C. § 841(b)(1)(A)(ii), instead of specifically alleging that the drug conspiracy involved at least five kilograms of cocaine. Further, the petitioner argues that the 2007 charges should have been brought in the same indictment as his 2006 charge. He also alleges that he was denied his Sixth Amendment right to a jury trial.

United States Magistrate Judge Michael J. Aloi found that given the petitioner's allegations, he was required to fulfill the requirements of § 2255's savings clause. The magistrate judge recommended that the petition be denied under In re Jones, 226 F.3d 328 (4th Cir. 2000), as the acts for which the petitioner was convicted remain crimes. In his objections, the petitioner argues that his petition can proceed under § 2255's savings clause and Jones.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which

3

objections were not filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

Magistrate Judge Aloi found that § 2241 is an improper vehicle for the petitioner's claims because he attacks the validity of his convictions and sentences rather than the means of execution of his sentences, and such challenges must be brought under 28 U.S.C. § 2255. The magistrate judge further concluded that the petitioner could not maintain his petition under § 2255's "savings clause" because he failed to demonstrate that § 2255 does not provide an adequate remedy.

A prisoner may file a motion under § 2255 to collaterally attack the legality of his conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). But generally, a prisoner may file a petition under § 2241 to challenge only the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner may use § 2241 to collaterally attack the legality of his conviction or sentence only if the remedy under § 2255 is "inadequate or ineffective." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); see also 28 U.S.C. § 2255(e).

Section 2255 is not inadequate merely because the prisoner has been unable to obtain relief under § 2255. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Thus, § 2255 is not rendered

4

inadequate because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. Id. (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Thus, a § 2241 petition may be used to attack the validity of a sentence or conviction only where the petitioner is "found actually innocent of [his] offenses of conviction" because the "acts for which the [petitioner] was convicted are not a crime." United States v. Surratt, 797 F.3d 240, 247 (4th Cir. 2015).

Here, the magistrate judge concluded that, under Jones, the petitioner failed to show that § 2255 is inadequate because the acts for which he was convicted remain crimes. The petitioner does not argue that the substantive law underlying his convictions has changed since he was convicted. Rather, he argues that his convictions and sentences are invalid based on constitutional violations. Thus, the petitioner concedes that the "acts for which [he] . . . was convicted" remain crimes. Id. Therefore, under

5

<u>Jones</u>, the petitioner failed to show that § 2255 is inadequate and ineffective to test the legality of his convictions. This Court must dismiss the petition for lack of subject matter jurisdiction.

## IV. <u>Conclusion</u>

For the foregoing reasons, the magistrate judge's report and recommendation (ECF No. 14) is AFFIRMED AND ADOPTED. Accordingly, the petition (ECF No. 1) is DISMISSED WITH PREJUDICE. Further, the petitioner's objections to the report and recommendation (ECF No. 19) are OVERRULED, and his motion to appoint counsel (ECF No. 4) is DENIED AS MOOT.

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 8, 2016

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE